2010-01145
FILED
January 28, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003239429

**7**

1  MARK L. POPE  #182769
Assistant United States Trustee
2  GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
3  United States Department of Justice
Office of the United States Trustee
4  2500 Tulare Street, Suite 1401
Fresno, California  93721
5  Telephone:  (559) 487-5002
Telecopier:  (559) 487-5030
6
7  Attorneys for Plaintiff, August B. Landis,
Acting United States Trustee
8
9              UNITED STATES BANKRUPTCY COURT
10              EASTERN DISTRICT OF CALIFORNIA
11                   FRESNO DIVISION

12  In re:                          )   Case No. 10-16231-A-13
                                    )   Chapter 13
13  RENEE MARIE BARTTELS,           )
                                    )
14                                  )
                                    )
15                   Debtor.        )
                                    )
_____    )
16                                  )
    AUGUST B. LANDIS,               )
17  Acting United States Trustee,   )   A.P. No. 10-01145-13
                                    )
18                   Plaintiff,     )   Date:  January 6, 2011
    v.                              )   Time:  9:00 a.m.
19                                  )   Place: U.S. Bankruptcy Court
     RENEE MARIE BARTTELS,          )          Department A, Courtroom 11
20                                  )          2500 Tulare Street
                     Defendant.     )          Fresno, California
21  _____)   Judge: Whitney Rimel

22      **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING**
    **UNITED STATES TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON**
23  **COMPLAINT TO (1) DISMISS CHAPTER 13 CASE WITH PREJUDICE AND (2)**
      **ENJOIN DEBTOR FROM FILING FOR TWO YEARS**
24

25      On January 6, 2011, the Court considered the United States Trustee's Motion For

26  Summary Judgment on his Complaint to (1) Dismiss Chapter 13 Case With Prejudice and (2)

27  Enjoin Debtor From Filing For Two Years.  Gregory S. Powell appeared for the United States

28  Trustee.  Defendant, Renee Marie Barttels, did not appear.  Having reviewed the pleadings and

- 1 -

RECEIVED
January 27, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003239429

considered the arguments of the parties, the Court now issues the following findings of fact and conclusions of law.

### Findings of Fact

1.  This proceeding relates to a case styled *In re Renee Marie Barttels*, Case No. 10-16231-A-13 (the "Current Case"), a chapter 13 case filed on June 1, 2010, in the United States Bankruptcy Court for the Eastern District of California, Fresno Division (the "Fresno Division"). The Defendant represented herself in the Current Case *pro se*.

2.  On page 2 of the Current Case Petition, in connection with the requirement that the Defendant disclose Prior Bankruptcy Cases Filed Within the Last 8 Years, the Defendant disclosed two prior bankruptcy cases: Case No. 09-12123-A-13 filed March 17, 2009 and Case No. 08-17092-A-13 filed November 3, 2008. In addition, Defendant disclosed one then-pending bankruptcy case filed by her spouse: *In re Jeffrey Roy Barttels*, Case No. 10-15240-A-7, filed May 11, 2010.

3.  The Current Case is the Defendant's sixth bankruptcy in the past eight years, and her twelfth bankruptcy case since 1994. Defendant filed three other bankruptcy cases in the eight years prior to the Current Case in the Fresno Division that were not disclosed on page 2: Case No. 08-12153-A-7 ("Case No. 9") filed on April 18, 2008; Case No. 08-10351-A-13 ("Case No. 8") filed January 23, 2008; and Case No. 02-15932-B-13 ("Case No. 7") filed June 28, 2002. A table of all twelve cases filed by Defendant is as follows:

| Reference Number | Case Name | Case Number | Date Filed | Status |
|---|---|---|---|---|
| 1 | In re Jeffrey Roy Barttels and Renee Marie Barttels | 94-56575-13 (San Jose) | 10/14/1994 | Dismissed 01/05/1995 |
| 2 | In re Jeffrey Roy Barttels and Renee Marie Barttels | 97-51689-13 (San Jose) | 02/28/1997 | Dismissed 04/03/1997 |

| 3 | In re Jeffrey Roy Barttels and Renee Marie Barttels | 97-53951-13 (San Jose) | 05/09/1997 | Dismissed 07/02/1998 |
|---|---|---|---|---|
| 4 | In re Renee Marie Barttels | 99-12809-13 (Fresno) | 03/30/1999 | Dismissed 07/22/1999 |
| 5 | In re Jeffrey Roy Barttels and Renee Marie Barttels | 00-17244-B-7 (Fresno) | 09/15/2000 | Filed as a ch. 13, converted to ch. 7 on 11/29/2000 Discharge Granted: 05/10/2001 |
| 6 | In re Renee Marie Barttels | 02-12439-B-13 (Fresno) | 03/18/2002 | Dismissed 06/14/2002 |
| 7 | In re Renee Marie Barttels | 02-15932-B-13 (Fresno) | 06/28/2002 | Dismissed 10/16/2002 with 180 day bar |
| 8 | In re Renee Marie Barttels | 08-10351-A-13 (Fresno) | 01/23/2008 | Dismissed 03/14/2008 |
| 9 | In re Renee Marie Barttels | 08-12153-A-7 (Fresno) | 04/18/2008 | Filed as a ch. 13, converted to ch. 7 on 06/25/2008 Discharge granted: 10/07/2008 |
| 10 | In re Renee M. Barttels | 08-17092-B-13 (Fresno) | 11/03/2008 | Dismissed 1/16/2009 |
| 11 | In re Renee Marie Barttels | 09-12123-A-13 (Fresno) | 03/17/2009 | Dismissed 03/09/2010 |
| Current Case | In re Renee Marie Barttels | 10-16231-A-13 (Fresno) | 06/01/2010 | Pending |

4. Of the eleven prior cases filed, Defendant was granted a discharge in two cases, and nine cases were dismissed for various reasons, including, but not limited to, unreasonable delay that is prejudicial to creditors, failure to appear at 341 meetings, failure to make timely plan payments, failing to pay court filing fees, and bad faith. In Case No. 7, the case was dismissed for bad faith and with a 180 day bar to refiling.

5. The Defendant's most recent discharge was granted in case number 9 (08-12153-A-7) filed on April 18, 2008.

6. On August 27, 2010, the Current Case was dismissed on the chapter 13 trustee's

motion for failure to provide tax documents.  The Defendant did not oppose the motion.

7.   When the Current Case was dismissed, this Court expressly retained jurisdiction over this adversary proceeding.

**Conclusions of Law**

8.   The United States Trustee  is responsible for supervising the administration of cases under chapter 13, and has standing to bring this proceeding under 11 U.S.C. §§ 1307(c) and 307.  Under 11 U.S.C. § 307, the United States Trustee may raise and be heard on any issue in any case or proceeding under title 11.  28 U.S.C. § 586(a)(3)(A); 11 U.S.C. § 307.

9.   This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157, 11 U.S.C. §107(c) and 11 U.S.C. § 349(a).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and venue is appropriate in this Court.  28 U.S.C. § 1409(a).

10.   This Court has authority to dismiss a case with prejudice under Section 349 of the Bankruptcy Code.  Section 349(a) provides that:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed, nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. §349(a).

11.   Section 349 of the Bankruptcy Code establishes a general rule that dismissal of a case is without prejudice, but expressly grants the bankruptcy court the authority to dismiss the case with prejudice which "bars further proceedings between the parties and is a complete adjudication of the issues." *In re Leavitt*, 171 F. 3d 1219, 1223-1224 (9th Cir. 1999) citing, *In re Tomlin*, 105 F.3d at 935-937.

12.   The case of a debtor who frequently files bankruptcy petitions may be dismissed with a bar on future filings. *See e.g., In re Armwood*, 175 B.R. 779 (Bankr. N.D. Ga. 1994)

(Debtor's fifth chapter 13 petition dismissed with prejudice with 180 day bar on filing); *In re Gros*, 173 B.R. 774 (Bankr. M.D. Fla. 1994) (Debtor's fifth bankruptcy filing in 25 months dismissed with prejudice with bar on future filing without leave of court); *In re Standfield*, 152 B.R. 528, (Bankr. N.D. Ill. 1993) (one of Debtor's two simultaneously pending cases dismissed with prejudice with 180 day bar on filing); *In re Stathatos*, 163 B.R. 83 (N.D. Tex. 1993) (Debtor's fourth bankruptcy case dismissed with prejudice with two year bar on filing); *In re Earl*, 140 B.R. 728 (Bankr. N.D. Ind. 1992) (Debtor's fourth chapter 13 case dismissed with 180 day bar on future filing under §105); *In re Jolly*, 143 B.R. 383 (E.D. Va. 1992), aff'd 45 F.3d 426 (4th Cir. 1994) (Debtor's seventh bankruptcy case dismissed with prejudice with 180 day bar on filing); *In re Bradley*, 38 B.R. 425 (Bankr. C.D. Cal. 1984) (Debtor's fourth bankruptcy filing in one year dismissed with prejudice and six month bar on filing).

13.    Bad faith is cause for dismissal with prejudice under section 349(a), and a finding of bad faith does not require fraudulent intent by the debtor.  *In re Leavitt*, F. 3d at 1224.

14.    Dismissal alone is inadequate to deter the Defendant from future abuse of the bankruptcy system, and the Defendant's case dismissal should be with prejudice.

15.    Injunctive relief is also available under section 105, which states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination  necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

16.    The basic purpose of Section 105 is to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction. Bankruptcy courts, both through their inherent powers as courts, and through the general grant of power in Section 105, are able to police their dockets and afford appropriate relief.  Collier on Bankruptcy (1 5th ed. rev. 2002) at 105-5.

16.    Section 105 empowers this Court to enjoin future filings to prevent abuse of the bankruptcy process. *See e.g. In re Casse*, 198 F.3d 327 (2d Cir. 1999); *Colonial Auto Ctr. v.*

*Tomlin (In re Tornlink)* 105 F.3d 933,940 (4th Cir. 1997); *In re Earl*, 140 B.R. 728,741 (Banrk..N.D. Ind. 1992); *see generally, In re Leavitt*, 209 B.R. 935 (9th Cir. BAP 1997) (it was proper for the bankruptcy court to prevent further litigation of the same issues by barring indefinitely future abusive filings by debtor related to existing, dischargeable debt), aff'd on other grounds *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999); *see contra Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1 103 (10th Cir.1991) (construction of § 349(a) precluded the application of § 105(a) to justify a longer prohibition against future filings).

17.   Injunctive relief is available by adversary proceeding.  Fed. R. Bankr. P. 7001(7) and 7065.  Most courts have applied the traditional test for the issuance of an injunction, which requires a party seeking an injunction to show:

(1) a substantial likelihood of success on the merits;

(2) that the movant will suffer irreparable harm unless an injunction issues;

(3) that the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and

(4) that the injunction would not adversely affect the public interest.

*See* Fed.R.Civ.P. 65; *see also American Imaging Servs., Inc v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 963 F. 2d 855, 858 (6th Cir. 1992); *Coben v. Apland (In re Golden Plan California)*, 36 B.R. 95 (9th Cir. BAP 1984).  A similar test is applied under California state law.  California Code of Civil Procedure § 526.

18.   The Defendant's pattern of filing and dismissal with twelve bankruptcy case filings since 1994, six of which were filed within the last eight years, combined with the Defendant's failure to disclose all required prior filings, strongly indicates she does not intend to use the bankruptcy process the way it was intended.  The Defendant's creditors have been wrongly hindered or delayed from enforcing their rights.

19.   The United States Trustee, who is statutorily charged with the responsibility pursuant to 28 U.S.C. § 586(a) to supervise the administration of bankruptcy cases, has no

1  adequate remedy at law.  The Defendant's actions and omissions hinder the administration of

2  justice, and the Defendant will continue to abuse the bankruptcy process unless this Court,

3  under its equitable power, enjoins her from filing another bankruptcy.  A reasonable term for

4  the injunction is two years from the date of the dismissal this case.

5  **Conclusion**

6  For the foregoing reasons, the Court concludes the following relief should be granted:

7  1.  This dismissal of this case shall be with prejudice; and

8  2.  The Defendant, Renee Marie Barttels, shall be barred from filing another

9  bankruptcy petition within two years from the date of the dismissal.

10  A separate order shall be entered.

11

12

13

14

15

16

17

18

Dated:

Jan 28, 2011

_____
United States Bankruptcy Judge

23

24

25

26

27

28